UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 14-20484 |
| v. | Honorable Laurie J. Michelson |
| D-1, GINO LITTLES, | Magistrate Judge Mona K. Majzoub |
| Defendant. | |

**ORDER DENYING DEFENDANT'S REQUEST FOR COUNSEL [147]**

In October 2015, a jury convicted Gino Littles of two counts of carjacking, in violation of 18 U.S.C. § 2119(1), two counts of using and carrying a firearm during a crime of violence, i.e., the carjackings, in violation of 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (ECF No. 73.) Littles was sentenced to a term of 408 months' incarceration. The Sixth Circuit affirmed. *See United States v. Littles*, 688 F. App'x 321, 322 (6th Cir. 2017).

Littles subsequently moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 129.) He alleged ineffective assistance of counsel and argued that *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), overturned his conviction for using a firearm during a crime of violence. (ECF No. 129, PageID.2349–2350.) This Court denied the motion and declined to issue a certificate of appealability. (ECF No. 141.) Littles tried to appeal, but abandoned his *Dimaya* claim. (ECF No. 146.) The Sixth Circuit denied Littles' application for a certificate of appealability. (*Id.*)

On September 13, 2019, Littles docketed a letter request for the appointment of counsel. (ECF No. 147.) The request is based on his hope "to have relief in the near future due to the ruling that just came down with *United States v. Davis* that deals with 924(c) convictions." (*Id.*)

The Court sees no reason to appoint counsel at this time. First, there is no motion presently pending. *See United States v. Whalen*, No. 09CR-19-JHM, 2014 WL 12531520, at *1 (W.D. Ky. Dec. 22, 2014) (finding that defendant failed to demonstrate entitlement to appointment of counsel where he had not yet filed a § 2255 motion). Second, Littles already challenged his § 924(c) conviction through a § 2255 motion. While he abandoned the claim when seeking a certificate of appealability, another challenge could be deemed a successive habeas petition for which he would first need authorization from the Sixth Circuit. *See* 28 U.S.C. § 2255(h). And even if Littles is not subject to the second-or-successive bar because he filed his motion pre-*Davis*, the issue is not so complex that it warrants the appointment of counsel.

Littles' request is premised on the following Supreme Court "trilogy": in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Court invalidated the residual clause definition of "violent felony" of the Armed Career Criminal Act. Then in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Court held that the residual clause definition of "crime of violence" in 18 U.S.C. § 16(b)—which is identical to the residual clause in § 924(c)(3)(B)—is unconstitutionally vague. And a few months ago, in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Court held that the residual clause of § 924(c)(3)(B) is also unconstitutionally vague.

But *Davis* is unlikely to impact Littles' conviction. As the Court ruled in connection with Littles' initial § 2255 motion (under *Dimaya*), Littles' § 924(c) convictions are a result of his use of a gun during two carjackings. And carjacking proscribes the taking of a vehicle "by force and violence." 18 U.S.C. § 2119. Based on the "by force and violence" language, many circuits say

carjacking falls within § 924(c)'s force clause. *United States v. Kundo*, 743 F. App'x 201, 203 (10th Cir. 2018); *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740–41 (5th Cir. 2017); *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017); *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016). And the Sixth Circuit has come very close to joining the chorus. *See In re Loverson*, No. 18-5612, 2018 U.S. App. LEXIS 28783, at *4–5 (6th Cir. Oct. 11, 2018). Indeed, the Sixth Circuit has held that Hobbs Act robbery, which, similar to carjacking, requires proof that the defendant used "actual or threatened force, or violence, or fear of injury, immediate or future," falls within § 924(c)'s force clause. *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) (quoting *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017)). So, even though *Davis* upsets § 924(c)'s residual clause, Littles' carjacking conviction likely falls within § 924(c)'s force clause, and he would not be entitled to relief on his *Davis* claim. *See In re Davis*, No. 19-5386, 2019 U.S. App. LEXIS 27549, at *3 (6th Cir. Sept. 11, 2019) (finding that "[b]ecause a Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause . . . ., [defendant's challenge to his conviction] finds no support in the Supreme Court's holding in *Davis*, which pertains only to § 924(c)(3)(B)'s residual clause.").

As a result, Littles' request for the appointment of counsel to potentially pursue a claim under *Davis* is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: September 19, 2019

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE

3

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 19, 2019.

                                                s/Erica Karhoff\
                                                Case Manager to\
                                                Honorable Laurie J. Michelson